UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL DARSCH,
                    Plaintiff,

        v.                                                      CIVIL ACTION NO. 15-13466-WGY

SCOTT LYNCH, ET AL.,
                    Defendants.


MEMORANDUM AND ORDER FOR DISMISSAL

YOUNG, U.S.D.J.

        On January 13, 2016, this Court issued a Memorandum and Order (Docket No. 8)

directing plaintiff Michael Darsch ("Darsch") to demonstrate good cause why this case should

not be dismissed for the reasons stated therein.  These reasons included: (1) the failure to state

plausible conspiracy claims under Rule 8 of the Federal Rules of Civil Procedure; (2) the failure

to state plausible claims against his criminal defense counsel, defendant Duncan; (3) the failure

to state plausible claims under 42 U.S.C. § 1985; (4) the lack of *respondeat superior* liability of

the Chicopee Police Department and the Hampden County District Attorney's Office; (5) the

failure to state plausible claims against Chicopee Police Department because it is not a suable

entity; (6) the bar to monetary damages claims against defendant Green because of sovereign

immunity; (7) the bar to claims against defendant Green because of prosecutorial immunity; (8)

the failure to state plausible claims under Mass. Gen. Laws ch. 263, §1; (9) the failure to state

plausible claims based on violations of federal criminal statutes; (10) the failure to state plausible

claims under the Massachusetts Civil Rights Act; and (11) the bar to all claims based on the

favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny.

        To date, Darsch has failed to file a show cause response as directed, and the time period

for doing so has expired.

        Accordingly, for the failure to comply with the Court's directives to demonstrate good

cause why this action should not be dismissed, and for the substantive reasons set forth in the

Memorandum and Order (Docket No. 8), it is hereby Ordered that all federal claims are

DISMISSED.  The Court declines to take supplemental jurisdiction over any remaining state-law claims (such as the legal malpractice claim), and any state-law claims are DISMISSED without prejudice.

In light of the above, this action is DISMISSED in its entirety.[1]  Darsch remains obligated to pay the filing fee as previously assessed.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

DATED: March 23, 2016

---

[1]For purposes of the three-strikes rule of 28 U.S.C. § 1915(g), the Court intends this decision to be one on the merits and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).